IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JANE A. DREW**                                                                                              **PLAINTIFF**

v.                                                                                   **CAUSE NO. 1:13CV384-LG-JMR**

**REBUILD AMERICA, INC.**                                                                         **DEFENDANT**

### ORDER GRANTING PLAINTIFF'S MOTION TO
### REMAND AND MOTION TO AMEND COMPLAINT

**BEFORE THE COURT** are the Motion to Remand [4] and the Motion to Amend Complaint [7] filed by the plaintiff Jane A. Drew. The defendant Rebuild America, Inc., opposes the Motions, arguing that Drew should not be permitted to amend her complaint to assert a claim against a non-diverse defendant, thus destroying diversity jurisdiction. After reviewing the submissions of the parties and the applicable law, the Court finds that the Motion to Amend and the Motion to Remand should be granted.

### FACTS

Drew originally filed this lawsuit against Rebuild in the Chancery Court of Hancock County, Mississippi, asking the court to enter a judgment setting aside two tax sales and quitclaim deeds, thus confirming her title to property located in Diamondhead, Mississippi. On October 2, 2013, Rebuild removed the case to this Court on the basis of diversity jurisdiction.[1] On October 25, 2013, the Diamondhead Country Club and Property Owners Association, Inc. (hereinafter referred to as "the

---

[1] Rebuild inadvertently removed the same case to this Court twice. The cause numbers assigned to the case are 1:13CV384-LG-JMR and 1:13CV387-LG-JMR.

Diamondhead Club") imposed a lien on the property at issue.  On October 30, 2013, Drew filed an amended complaint naming the Diamondhead Club as a defendant and a Motion to Remand.  However, the amended complaint was struck from the record by the docket clerk, because the Court had not granted Drew permission to file the amended complaint.  Drew then filed a Motion seeking permission to amend the complaint to add the Diamondhead Club as a defendant.

## DISCUSSION

28 U.S.C. § 1332 confers federal diversity jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the civil action is between citizens of different states.  It is undisputed that the amount in controversy is satisfied in Drew's lawsuit.  The only issue before the Court is whether Drew should be permitted to amend her Complaint to add a non-diverse defendant, The Diamondhead Club.

Generally, diversity of citizenship is determined at the commencement of the lawsuit, and subsequent events, such as a reduction in the amount in controversy or a change in residency, do not defeat jurisdiction.  *Zurn Indus., Inc. v. Acton Constr. Co., Inc.*, 847 F.2d 234, 236 (5th Cir. 1988); *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1180-81 (5th Cir. 1987).  However, addition of a non-diverse party will defeat jurisdiction.  *Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470, 477 (5th Cir. 2001) (citing *Hensgens*, 833 F.2d at 1180-81).

Drew attempted to file an amended complaint naming the Diamondhead Club as a defendant before Rebuild filed its Answer.  Typically, a party is allowed to

file an amended pleading "once as a matter of course" under these circumstances. *See* Fed. R. Civ. P. 15(a)(1). However, "[w]here the addition of a party will destroy the court's jurisdiction and prejudice the other party, the general rule prevails that leave of court is necessary." *Horton v. Scripto-Tokai Corp.*, 878 F. Supp. 902, 908 (S.D. Miss. 1995) (citing 6 C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure: Civil*, § 1477, at 562 (2d ed. 1990)); *see also* 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.").

Thus, the Fifth Circuit has explained that a district court must use its discretion when considering a proposed amendment adding a non-diverse party that is not indispensable to the litigation. *Hensgens*, 833 F.2d at 1182. When making this determination, the court should evaluate: (1) "the extent to which the purpose of the amendment is to defeat federal jurisdiction;" (2) "whether the plaintiff has been dilatory in asking for amendment;" (3) whether the "plaintiff will be significantly injured if amendment is not allowed;" and (4) "any other factors bearing on the equities." *Id.* If the court grants the motion to amend, the case must be remanded to state court, but if the motion is denied, the district court maintains diversity jurisdiction. *Id.*

The Court finds that Drew should be permitted to amend her Complaint to add the Diamondhead Club as a defendant. First, it should be noted that the

Diamondhead Club is likely a necessary party to this lawsuit given its interest in the property.  *See Mahaffey v. Alexander*, 800 So. 2d 1284, 1286 (¶6) (Miss. Ct. App. 2001) ("It has been held that as a general rule all persons who are materially interested in the event or subject matter, without whom no effective judgment or decree can be rendered, should be made parties, in a suit to quiet title.").  In addition, there is no indication that the purpose of Drew's amendment was to defeat jurisdiction.  It is undisputed that Drew did not act in a dilatory manner.  Finally, Drew may be prejudiced if amendment is not allowed.  Since the Diamondhead Club's lien runs with the land, Drew may not be able to completely quiet her title to the property in the absence of the Diamondhead Club.  For these reasons, the Court exercises its discretion to permit Drew to join a non-diverse party, the Diamondhead Club, as a defendant to this lawsuit.  As a result, diversity of citizenship no longer exists, and Drew's Motion to Remand must be granted.

## CONCLUSION

For the foregoing reasons, Drew's Motion to Amend Complaint and Motion to Remand are granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion to Remand [4] and the Motion to Amend Complaint [7] filed by the plaintiff Jane A. Drew are **GRANTED**.  This lawsuit is hereby **REMANDED** to the Chancery Court of Hancock County, Mississippi.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that a certified copy of this order of remand shall be immediately mailed by the Clerk of this Court to the

clerk of the state court pursuant to 28 U.S.C. § 1447(c).

      **SO ORDERED AND ADJUDGED** this the 25th day of November, 2013.

                                                   s/ *Louis Guirola, Jr.*
                                                   LOUIS GUIROLA, JR.
                                                   CHIEF U.S. DISTRICT JUDGE